# U.S. BANKRUPTCY COURT
## District of South Carolina

Case Number: **20-03931-jw**

## ORDER OVERRULING OBJECTION TO CLAIM

The relief set forth on the following pages, for a total of 4 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**01/29/2021**



*signature: John E. Waites*

US Bankruptcy Judge
District of South Carolina

Entered: 01/29/2021

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>Anita Doreen Hewett-Williams,<br><br>Debtor(s). | C/A No. 20-03931-JW<br><br>Chapter 13<br><br>**ORDER OVERRULING OBJECTION TO CLAIM** |

This matter comes before the Court upon Anita Doreen Hewett-Williams' ("Debtor") Objection to the Proof of Claim ("Objection") of Credit Acceptance Corporation ("Creditor"). Creditor's Proof of Claim indicates that it holds an unsecured claim in the amount $20,069.22 based upon a judgment entered by the District Court of Maryland for Prince George's County on April 18, 2014 resulting from a deficiency from an automobile repossession ("Judgment"). No response was filed to the Objection.

Debtor's Objection asserts that the Creditor's Proof of Claim should be disallowed, alleging that collection of the Judgment is barred by the statute of limitations under S.C. Code Ann. § 15-3-530 as "the last account transaction took place on April 23, 2014" and more than three years have passed since "the [D]ebtor's initial default."

Section 15-3-530 of the South Carolina Code provides a three-year statute of limitations for commencing:

> (1) an action upon a contract, obligation, or liability, express or implied, excepting those provided for in Section 15-3-520;
>
> (2) an action upon a liability created by statute other than a penalty or forfeiture;
>
> (3) an action for trespass upon or damage to real property;
>
> (4) an action for taking, detaining, or injuring any goods or chattels including an action for the specific recovery of personal property;
>
> (5) an action for assault, battery, or any injury to the person or rights of another, not arising on contract and not enumerated by law, and those provided for in Section 15-3-545;

> (6) an action under Sections 15-51-10 to 15-51-60 for death by wrongful act, the period to begin to run upon the death of the person on account of whose death the action is brought;
>
> (7) any action for relief on the ground of fraud in cases which prior to the adoption of the Code of Civil Procedure in 1870 were solely cognizable by the court of chancery, the cause of action in the case not considered to have accrued until the discovery by the aggrieved party of the facts constituting the fraud;
>
> (8) an action on any policy of insurance, either fire or life, whereby any person or property, resident or situate in this State, may be or may have been insured, or for or on account of any loss arising under the policy, any clause, condition, or limitation contained in the policy to the contrary notwithstanding; and
>
> (9) an action against directors or stockholders of a monied corporation or a banking association to recover a penalty or forfeiture imposed or to enforce a liability created by law, the cause of action in the case not considered to have accrued until the discovery by the aggrieved party of the facts upon which the penalty or forfeiture attached or the liability was created, unless otherwise provided in the law under which the corporation is organized.

However, S.C. Code Ann. § 15-3-530 does not include the enforcement of judgments (either foreign or domestic); and therefore, the three-year statute of limitations included under that section is not applicable to limiting the time to enforce a judgment. Under South Carolina law, the time period for enforcing a judgment is set by S.C. Code Ann. § 15-39-30, which provides:

> Executions may issue upon final judgments or decrees at any time within ten years from the date of the original entry thereof and shall have active energy during such period, without any renewal or renewals therefor, and this whether any return may or may not have been made during such period on such executions.

S.C. Code Ann. § 15-39-30 (2021).[1]

In addition, in the present matter, the Court must also consider the fact that the Judgment is a judgment from Maryland, which may be enforced in both a Maryland state court where it originated, as well as many other jurisdictions, pursuant to the Full Faith and Credit clause of the U.S. Constitution. *See* U.S. Const. art. IV, § 1. Under Maryland law, a judgment holder may bring

---

[1] Section 15-39-30 of the South Carolina Code has been described as being more similar to a statute of repose than a statute of limitations. *See Gordon v. Lancaster*, 823 S.E.2d 173, 176 (S.C. 2018) ("[S]ection 15-39-30 is not a statute of limitations . . . ."); *Linda Mc Co., Inc. v. Shore*, 703 S.E.2d 499, 507 (S.C. 2010) (Beatty, J., dissenting) ("Section 15-39-30 is not a statute of limitation, but it is clearly a statute of repose.").

2

an action to enforce a judgment within 12 years after its entry. *See* Md. Code Ann., Courts and Judicial Proceedings, § 5-102 (West 2021) ("An action on one of the following specialties shall be filed within 12 years after the cause of action accrues[;] . . . (3) Judgment . . . .").

For enforcing foreign judgments, there is a split in authority as to whether the enforcement action is subject to the statute of limitations of the jurisdiction where the enforcement proceedings were commenced. *See* 30 Am. Jur. 2d Executions § 706 (2021, Westlaw). For example, under South Carolina law, a party seeking to enforce an out-of-state judgment in a South Carolina state court must do so within ten years after judgement debtor has moved to South Carolina. *See Abba Equipment, Inc. v. Thomason*, 517 S.E.2d 235, 238 (S.C. Ct. App. 1999) (finding the South Carolina Legislature, in enacting the Uniform Enforcement of Foreign Judgment Acts, intended for all actions to enforce a foreign judgment be subject to the "catch-all" ten-year statute of limitations under S.C. Code Ann. § 15-3-600).

Ultimately, the question before the Court in the present matter is whether Creditor has a "claim" under the Bankruptcy Code, which is defined as a "right to payment." *See* 11 U.S.C. § 101(5)(A) (2021). As the Judgment was entered less than seven years ago, Creditor still has a "right to payment" under the Judgment against Debtor because Creditor is not time barred from bringing an action to enforce the Judgment against Debtor in either a Maryland state court, where the Judgment originated, or in another forum, including South Carolina state courts.

Therefore, for the foregoing reasons, the Court overrules Debtor's Objection that Creditor's proof of claim is barred by the statute of limitations under S.C. Code Ann. § 15-3-530.

**AND IT IS SO ORDERED.**

Columbia, South Carolina
January 29, 2021